1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON, | 1:10-cv-01087-LJO-GSA-PC |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS PURSUANT TO 28 U.S.C. § 1915(g) |
| v. | |
| RAUL LOPEZ, et al., | ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 7.) |
| Defendants. | ORDER VACATING ORDER DIRECTING CDCR TO COLLECT FILING FEE PAYMENTS FOR THIS ACTION (Doc. 7.) |
| | ORDER DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $350.00 FILING FEE IN FULL |
| | ORDER FOR CLERK TO CLOSE CASE |

_____/

Plaintiff Eric Johnson, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 16, 2010.  (Doc. 1.)  On July 6, 2010, Plaintiff submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Doc. 6.)  On July 9, 2010, the Court granted Plaintiff's application.  (Doc. 7.)

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

1  facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

2  that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

3  prisoner is under imminent danger of serious physical injury." Plaintiff is subject to section 1915(g)

4  and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed,

5  under imminent danger of serious physical injury.[1]

6        The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the

7  imminent danger exception.[2] Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Because

8  Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical

9  injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

10        Accordingly, it is HEREBY ORDERED that:

11        1.    Plaintiff's in forma pauperis in this action is REVOKED;

12        2.    The Court's order granting Plaintiff's application to proceed in forma pauperis,

13              entered on July 9, 2010, is VACATED;

14        3.    The Court's order directing payment of the inmate filing fee by the CDCR, entered

15              on July 9, 2010, is VACATED;

16        4.    This action is DISMISSED, without prejudice to refiling with the submission of the

17              $350.00 filing fee in full;

18        5.    The Clerk is directed to CLOSE this case; and

19        6.    The Clerk is directed to SERVE a copy of this order on the Director of the CDCR,

20              via the Court's electronic case filing system.

21  IT IS SO ORDERED.

22  Dated:    December 14, 2010            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE
23

24

25        [1] The Court takes judicial notice of case numbers 2:94-cv-01616-DFL-GGH PC Johnson v. State of

26  California (E.D. Cal.) (dismissed 07/26/1995 for failure to state a claim); 2:94-cv-01146-EJG-GGH PC Johnson v.
    Briscoe, et al. (E.D. Cal.) (dismissed 08/17/1995 for failure to state a claim). and 2:94-cv-01925-WBS-GGH PC

27  Johnson v. Bonaccorso,et al. (E.D. Cal.) (dismissed 09/08/1995 for failure to state a claim).

28        [2] This action involves the claim that Plaintiff was arbitrarily imposed three separate SHU terms for the same
    rule violation, in violation of the California Code of Regulations.